**Sallie B. HOLLOWAY, Plaintiff—Appellant,**

v.

**Gordon R. ENGLAND, Secretary of the Navy, et al.,\* Defendants—Appellees.**

No. 01–15616.
D.C. No. CV–00–00981–SBA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2002.

Decided Oct. 11, 2002.

---

\* Gordon R. England is substituted for his predecessor as Secretary of the Navy. Fed. R.App. P. 43(c)(2).

Before HALL, KOZINSKI, and MCKEOWN, Circuit Judges.

MEMORANDUM \*\*

## I. Appealability

We have raised *sua sponte* whether the district court's order was a final and appealable order, as we must for issues concerning our jurisdiction. *See WMX Tech., Inc. v. Miller,* 104 F.3d 1133, 1135 (9th Cir.1997) (en banc). Having raised the question, we find that the answer is yes.

In determining whether the district court's ruling was a final, appealable order, we focus on the effect the court intended to have, whether it intended to end litigation or leave the plaintiff free to file an amended complaint. *See Montes v. United States,* 37 F.3d 1347, 1350 (9th Cir.1994). Dismissal of the complaint alone is ordinarily not appealable unless the circumstances clearly indicate that the court determined that it could not be saved by amendment. *Id.* Dismissal of an action is final and appealable. *Id.*

■ We conclude that the district court did intend its order to be final. First, in the one instance in which the October 20, 2000, order directly described the district court's intention, it stated that the court was dismissing the "case." The portion of the order explicating the legal standard under Fed. R. of Civ. P. 12(b)(1) also used consistent terms, describing the test for dismissal of an "action" for lack of subject matter jurisdiction. Though labels are not dispositive, *see id.* at 1350, they do serve as a strong indicator of the district court's intent.

More importantly, the grounds for dismissal present persuasive evidence that the district court intended to end the litigation. Holloway raised nine separate

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

statutes as bases for the court's subject matter jurisdiction over her claims. The court determined that no combination of the statutes provided the grant of subject matter jurisdiction and waiver of sovereign immunity necessary for it to hear the case. This was not simply a matter of proper pleading, as the court determined that the substance of Holloway's complaint and the remedies she sought could only be brought to the Court of Federal Claims. Holloway's complaint was not susceptible to an amendment that would allow the court to assert jurisdiction over these claims or grant the remedies she seeks. Consequently, the district court did not grant leave to amend the complaint or specify a deadline for doing so, a fact which itself supports an inference of finality. *See Gerritsen v. De La Madrid Hurtado,* 819 F.2d 1511, 1514 (9th Cir.1987).

We do note that certain aspects of the district court's January 31, 2000, order denying Holloway's motion to amend, create doubt as to the court's actual intentions. In particular, the fact that the order described the court's previous dismissal order as a dismissal of the "complaint," as well as its decision that consideration of the motion was proper under Fed.R.Civ.P. 54, may indicate that it believed Holloway's case had not been finally dismissed at that time. However, given the legal basis for the court's dismissal, we conclude the court did mean to dismiss the case rather than the complaint. Accordingly, we have jurisdiction to hear Holloway's appeal.

## II. District Court Jurisdiction

### A. The APA

The combined operation of Section 702 of the Administrative Procedure Act ("APA"), codified 5 U.S.C. § 702, and 28 U.S.C. § 1331 did not create jurisdiction in this case because there has been no waiver of sovereign immunity. When a plaintiff invokes federal question jurisdiction by alleging that agency actions violate a federal statute, the APA operates as a limited waiver of sovereign immunity. *See Tucson Airport Auth. v. Gen. Dynamics Corp.,* 136 F.3d 641, 645 (9th Cir.1998). However, the APA only waives sovereign immunity for circumstances meeting three conditions: 1) the claims are not for money damages, 2) an adequate remedy is not available elsewhere, and 3) the claims do not seek relief expressly or impliedly forbidden by another statute. *Id.* Holloway's claim fails at least the second prong of this test.

Holloway has an adequate remedy in the Court of Federal Claims, assuming she can prevail on the merits. The Tucker Act grants jurisdiction to the Court of Federal Claims:

> to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).[1] The Tucker Act confers jurisdiction when a plaintiff brings a claim for monetary relief under a substantive statute that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (internal quotation marks omitted). In this case, Holloway has brought a claim founded on acts of Congress that allegedly mandate compensation in the form of TERA benefits.

---

1. The Tucker Act also operates as a waiver of sovereign immunity. *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).

Additionally, the Court of Federal Claims can grant the full measure of any relief warranted in this instance. The Tucker Act provides:

To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.

28 U.S.C. § 1491(a)(2). Holloway's complaint seeking placement in retirement status with associated back pay is thus covered by the explicit terms of Section 1491(a)(2).

Holloway nevertheless argues that the Court of Federal Claims cannot provide an adequate remedy because her claims are not justiciable in that forum, citing primarily to *Greek v. United States*, 44 Fed.Cl. 43 (1999) and *McMullen v. United States*, 50 Fed.Cl. 718 (2001). This argument is misplaced.

Assuming that Holloway's claim is nonjusticiable in the Court of Claims, it is no less so here, since we are no more empowered than it to resolve questions left to the discretion of the Naval Reserve. *See Khalsa v. Weinberger*, 779 F.2d 1393, 1395 n. 1 (9th Cir.1985); 15 *Moore's Federal Practice*, §§ 101.110–113, .117[9][b] (Matthew Bender 3d. ed.2002). A problem of justiciability common to both courts does not serve as a basis for assigning jurisdiction to one rather than the other. Rather, the jurisdictional determination is separate from, and must be made prior to, addressing a question of justiciability. *See Khal-*

*sa*, 779 F.2d at 1395–96. The proper jurisdictional question in this case is whether the Claims Court offers adequate remedies assuming Holloway has asserted a cognizable and justiciable right, not whether she can ultimately receive the remedies offered.

*Beller v. Middendorf*, 632 F.2d 788 (9th Cir.1980) is of no assistance to Holloway because Holloway's claim is primarily for the payment of money. *Id.* at 796–99; *see also Bowen v. Massachusetts*, 487 U.S. 879, 891, 900 n. 31, 904–905 n. 39, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988).

## B. Section 1361

The district court also did not err in determining that it could not exercise jurisdiction over Holloway's claim pursuant to 28 U.S.C. § 1361. Congress' grant of jurisdiction over actions in the nature of mandamus pursuant to 28 U.S.C. § 1361 does not constitute a waiver of sovereign immunity. *See, e.g., Pit River Home & Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1098 n. 5 (9th Cir.1994); *Hill v. United States*, 571 F.2d 1098, 1101 n. 5 (9th Cir. 1978); *Smith v. Grimm*, 534 F.2d 1346, 1352 n. 9 (9th Cir.1976).

## III. Sanctions

The district court's refusal to sanction appellees under Fed.R.Civ.P. 11 for bringing a frivolous motion to dismiss was not an abuse of its discretion. The motion that Holloway describes as frivolous is the very motion that was properly granted for the reasons discussed above.

Sanctioning Holloway under Local Rule 7–9 for repeating previous arguments in her motion to amend was an abuse of discretion. Local Rule 7–9 applies to motions made pursuant to Fed.R.Civ.P. 54 for reconsideration of interlocutory orders. Civil L.R. 7–9(a). Because we interpret Holloway's motion as falling under Fed. R.Civ.P. 59(e), Local Rule 7–9 does not

apply, and therefore Holloway cannot be sanctioned under it.

### CONCLUSION

The district court's order dismissing the case for lack of subject matter jurisdiction and denying sanctions under Fed.R.Civ.P. 11 is AFFIRMED. The court's *sua sponte* assessment of sanctions for violating Local Rule 7–9 is REVERSED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.