NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5103

SALLIE B. HOLLOWAY,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

───────────────────

DECIDED:  May 9, 2005

───────────────────

Before SCHALL, <u>Circuit Judge</u>, ARCHER, and PLAGER, <u>Senior Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

## DECISION

Sallie B. Holloway appeals from the final decision of the United States Court of Federal Claims that dismissed her complaint for lack of jurisdiction on the ground that it was not filed within the six-year limitations period of 28 U.S.C. § 2501.  <u>Holloway v. United States</u>, 60 Fed. Cl. 254 (2004) ("<u>Final Decision</u>").  We <u>affirm</u>.

DISCUSSION

I.

The pertinent facts are not in dispute. During the relevant period of time, Ms. Holloway was a United States Naval Reserve Officer. She served on active duty as a Reserve Canvasser Recruiter ("CANREC") until she was involuntarily discharged from active duty on July 1, 1997. At that time, she had accumulated just over fifteen years of active-duty service. Five months prior to her discharge, Ms. Holloway requested early retirement under the Temporary Early Retirement Authority ("TERA") program, § 4403, Pub. L. No. 102-484, 106 Stat. 2315, 2702 (1992), as amended by Pub. L. No. 104-106, § 1504(c)(3), 110 Stat. 514 (1996). Under the TERA program, Reserve officers with the necessary time in active-duty service have the option of early retirement. On March 24, 1997, the Navy denied Ms. Holloway's request for early retirement on the ground that as a CANREC with less than eighteen years of active-duty service, she did not qualify for TERA.

Ms. Holloway applied to the Board for Correction of Naval Records ("BCNR") for review of the Navy's decision. On October 26, 1999, the BCNR denied her request for correction, finding that "the evidence submitted was insufficient to establish the existence of probable material error or injustice." Final Decision, 60 Fed. Cl. at 258. On March 21, 2000, Ms. Holloway filed a complaint in the United States District Court for the Northern District of California seeking correction of her records as well as back pay and allowances. The district court dismissed the complaint for lack of jurisdiction, Holloway v. Danzig, No. C 00-0981 SBA (N. D. Cal. Oct. 19, 2000), noting that Ms. Holloway had an adequate remedy in the Court of Federal Claims. The Ninth Circuit

affirmed the dismissal on January 31, 2001. <u>Holloway v. England</u>, 50 Fed. Appx. 836 (9th Cir. 2002) (table).

On December 3, 2002, Ms. Holloway filed a complaint in the Court of Federal Claims seeking money damages based upon her allegedly unlawful discharge from active duty on June 1, 1997. At the same time, she moved to suspend proceedings based upon the fact that she had filed a request for en banc review with the Ninth Circuit that was still pending. On December 13, 2002, the Court of Federal Claims judge to whom the case was assigned issued an order in which he notified the parties that under 28 U.S.C. § 1500, the court was "not permitted to consider law suits that have been filed in other courts." Ms. Holloway thereupon filed a motion, which the court granted, to voluntarily dismiss her complaint without prejudice.

On August 4, 2003, Ms. Holloway filed a second complaint in the Court of Federal Claims. In it, she asserted again the claim presented in the complaint she had filed on December 3, 2002. The government moved to dismiss the complaint for lack of jurisdiction on the ground that it was untimely. The Court of Federal Claims granted the government's motion. <u>Final Decision</u>, 60 Fed. Cl. 254. The court determined that the cause of action for Ms. Holloway's claim accrued on July 1, 1997, the date she was discharged from active-duty service in the Navy. Ms. Holloway's complaint was therefore time-barred, the court ruled, because it was not filed in the Court of Federal Claims until August 4, 2003, more than six years after accrual of the statute of limitations. <u>See</u> 28 U.S.C. § 2501. The Court of Federal Claims rejected Ms. Holloway's argument that her complaint "merged" with the voluntarily dismissed December 3, 2002 complaint. The court explained that under 28 U.S.C. § 1500, the

Court of Federal Claims did not have jurisdiction over the December 3, 2002 complaint, and, thus, the August 4, 2003 complaint could not "relate back" to the earlier complaint.

II.

We review the Court of Federal Claims' dismissal of Ms. Holloway's complaint for lack of subject matter jurisdiction de novo. W. Co. of N. Am. v. United States, 323 F.3d 1024, 1029 (Fed. Cir. 2003).

We see no error in the decision of the Court of Federal Claims. It is undisputed that Ms. Holloway's claim accrued on July 1, 1997 when she was discharged from active duty. See Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) ("A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" (citations omitted)). Moreover, the statute of limitations was not tolled when Ms. Holloway pursued administrative remedies before the BCNR. See id. at 1312 ("[I]t is well-settled that the statute of limitations for Tucker Act claims is not tolled by the claimant's exercise of his rights to seek permissive administrative review of his claim.").

On appeal, Ms. Holloway argues that 28 U.S.C. § 2501 should be equitably tolled because she actively pursued her claim for relief during the statute of limitations period—first, by filing suit in district court and second, by filing the December 3, 2002 complaint in the Court of Federal Claims.

The government argues, and we agree, that because Ms. Holloway raises her equitable tolling argument for the first time on appeal, the argument has been waived.

See Sage Prods., Inc. v. Devon Indus., Inc., 126 F.3d 1420, 1426 (Fed. Cir. 1997). As noted by the Court of Federal Claims, Ms. Holloway's counsel (different from her counsel on appeal) rejected application of the doctrine of equitable tolling, referring to it as "totally misplaced." Final Decision, 60 Fed. Cl. at 260 n.12.

In any event, there is no merit to Ms. Holloway's equitable tolling argument. The Supreme Court has held that the same rebuttable presumption of equitable tolling applicable to suits against private defendants also applies to suits against the United States. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990). While equitable tolling is available at least in some actions against the government, in United States v. Brockamp, 519 U.S. 347, 350 (1997), the Court rejected application of the doctrine where the statute at issue, much like section 2501 here, contains explicit exceptions to its basic time limits, which exceptions do not include equitable tolling.[1] We have declined to decide whether equitable tolling applies with respect to 28 U.S.C. § 2501. Martinez, 333 F.3d at 1318. However, assuming equitable tolling were available under section 2501, Ms. Holloway has not made a sufficient showing to invoke the doctrine in this case. Irwin makes clear that equitable tolling against the federal government is available only when there is a compelling justification for delay, such as "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." 498 U.S. at 96. Ms.

---

[1]    Section 2501 provides that a "petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases." 28 U.S.C. § 2501.

Holloway's arguments do not meet this standard.[2]

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.

---

[2] We have considered Ms. Holloway's other arguments and have found them to be without merit.