**Gary GREENBURG, Plaintiff–counter-defendant—Appellant,**

v.

**ROBERTS PROPERTIES, LTD., aka Gold Canyon R.V. Resort, dba Gold Canyon R.V. Resort; Craig P. Suddarth; Barbel Barbara Roberts; Cherie Suddarth, Defendants–counter-claimants—Appellees,**

and

**Barbara Greenburg, Counter-defendant.**

No. 06–16323.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2007 *.

Filed Aug. 30, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

See also 2005 WL 3536114

Gary Greenburg, Palm City, FL, pro se.

Pavneet Singh Uppal, Esq., Michelle Hamilton Ganz, Esq., Ogletree Deakins Nash Smoak & Stewart, PC, Phoenix, AZ, for Defendants–counter–claimants–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Gary Greenburg ("Greenburg") appeals pro se the district court's judgment dismissing his complaint with prejudice and imposing a sanction of an attorneys' fees award to Roberts Properties, Ltd. and others (collectively "defendants"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

A dismissal pursuant to the district court's inherent power is reviewed for an abuse of discretion. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1052 (9th Cir.1998). The court's factual findings may not be set aside unless clearly erroneous, and its credibility determinations are accorded special deference. *Anheuser-Busch Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir.1995).

▆▆▆ The parties are familiar with the facts and procedural history. As a preliminary matter, defendants contend that we lack jurisdiction to review the district court's order denying Greenburg's motion for reconsideration, and that we also lack jurisdiction to review the judgment awarding the amount of attorneys' fees. We reject defendants' contentions. The order denying the motion for reconsideration was entered before the final judgment was entered. Therefore, the order denying reconsideration became an integral part of the final judgment on the merits. *See Smith v. Pacific Properties and Develop-*

ment Corp., 358 F.3d 1097, 1100 (9th Cir. 2004). The general rule is that "attorney's fees requests are collateral to the main action," therefore, "a judgment on the merits is final and appealable even though a request for attorney's fees is unresolved." *International Ass'n of Bridge, Structural, Ornamental, and Reinforcing Ironworkers' Local 75 v. Madison Industries, Inc.*, 733 F.2d 656, 659 (9th Cir. 1984). In the present case, however, the request for attorneys' fees was fully resolved and the judgment awarding an amount of attorneys' fees was entered prior to the filing of a notice of appeal. Although Greenburg failed to include in his notice of appeal a reference to the judgment awarding the amount of attorneys' fees, we read notices of appeal liberally and have held that facially deficient notices of appeal suffice so long as the appellee had notice that the appellant intended to appeal and was not prejudiced by appellant's failure to file a proper notice of appeal. *See Montes v. United States*, 37 F.3d 1347, 1351 (9th Cir.1994). Greenburg's opening brief discussed the attorneys' fee award and defendants fully briefed that issue.

▆▆▆ The district court's findings of forgery were not clearly erroneous. The court's findings were based upon the straightforward evidence presented by a forensic document examiner.

▆▆▆ The district court did not abuse its discretion by dismissing the action on the ground that Greenburg attached forged documents as exhibits to his complaint. The district court considered, among other factors, willfulness and bad faith, the efficacy of lesser sanctions, and the fact that the forged documents were the foundation

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the case. *See Anheuser–Busch,* 69 F.3d at 348.

█ The district court did not abuse its discretion in denying Greenburg's motion for reconsideration. Greenburg did not present newly discovered evidence, the court did not commit an error of law, and there was no change in the controlling law. *See Sch. Dist. No. 1J, Multnomah Cty. Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir.1993).

█ Finally, the district court did not abuse its discretion in awarding attorneys' fees in the amount of $136,115. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 55, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The fraudulent conduct for which sanctions were imposed went to the heart of Greenburg's complaint, indicating that his action had no merit from the outset.

**AFFIRMED.**

