**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND GOODLOW, an individual, | No. 15-56175 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01524-DMS-NLS |
| v. | |
| CITY OF EL CAJON, a municipal entity and ROBERT BONILLA, Officer, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 16, 2017**
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and MURPHY,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Stephen Joseph Murphy III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

Raymond Goodlow appeals following a jury verdict in favor of the City of El Cajon and Officer Bonilla, finding them not liable under 42 U.S.C. § 1983. We affirm the district court.

**1.** We have jurisdiction to consider this appeal, because we treat Goodlow's timely appeal from the order denying his Rule 59(a) motion as an appeal from the final judgment. *See Galdamez v. Potter*, 415 F.3d 1015, 1018 (9th Cir. 2005). Even if an appellant designates a nonappealable order in the notice of appeal, we are not deprived of jurisdiction so "long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced by the mistake." *Montes v. United States*, 37 F.3d 1347, 1351 (9th Cir. 1994) (quoting *Stuart v. United States*, 23 F.3d 1483, 1485 (9th Cir. 1994)). From the issues presented in his briefs, we can infer that Goodlow intended to appeal the final judgment. *See id.* Moreover, Appellees were not prejudiced, because they fully briefed the merits of each issue raised in the appeal. *Id.*

**2.** Instruction 13.3 constitutes an accurate statement of the law. Under the Fourth Amendment, claims of excessive force are analyzed under the "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 399 (1989). "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent

or motivation." *Id.* at 397. Although the factual determinations made by officers need not always be correct, they must always be reasonable. *Illinois v. Rodriguez*, 497 U.S. 177, 185 (1990).

Reviewing this question de novo, *see Gantt v. City of Los Angeles*, 717 F.3d 702, 706 (9th Cir. 2013), Instruction 13.2 charged the jury to consider whether the officer's use of force was "objectively reasonable" and twice instructed the jury to consider "all of the circumstances." Instruction 13.3 charged the jury to consider what "a reasonable officer on the scene" would have believed under the circumstances. These are correct statements of the law and dispel Goodlow's allegations that the jury was instructed only to consider Officer Bonilla's subjective beliefs. *See id.* at 706-07 (noting instructions "must correctly state the law" and the court must review "the instructions as a whole"). Omitting the phrase "reasonable mistake" from Instruction 13.3 did not result in a misstatement of the law, because the instruction included the phrase "reasonable officer."

**3.** The district court properly formulated Instructions 13.3 and 13.4. We review that formulation for abuse of discretion. *See id.* at 706. The district court has "substantial latitude in tailoring jury instructions." *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1992) (quoting *United States v. Soulard*, 730 F.2d 1292, 1303 (9th Cir. 1984)). "So long as the [jury] instructions fairly and adequately

3

cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." *United States v. Echeverry*, 759 F.2d 1451, 1455 (9th Cir. 1985).

### A. Instruction 13.3

The district court did not abuse its discretion in formulating Instruction 13.3, because it fairly and adequately covered an issue supported by the evidence and it was not misleading. *See Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014). That the instruction aligned with Appellees' theory of the case does not demonstrate the district court abused its discretion, because a "party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Dang v. Cross*, 422 F.3d 800, 804-05 (9th Cir. 2005) (quoting *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)). Instruction 13.3 "simply introduced the concept of mistake in the context of whether a reasonable officer on the scene could have believed [Goodlow] posed an immediate threat to the safety of the officer or others." *Goodlow v. City of El Cajon*, No. 13CV1524 DMS (NLS), 2015 WL 11251803, at *4 (S.D. Cal. July 10, 2015). Further, Goodlow "cannot now claim the district court erred by not providing an instruction" defining the words "danger" or "threat," because he never offered this instruction. *See Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1129 (9th Cir. 2010).

**B.    Instruction 13.4**

The district court did not abuse its discretion in formulating Instruction 13.4, because it was "supported by the evidence [in the case], fairly and adequately cover[ed] the issues presented, correctly state[d] the law, and [was not] misleading." *See Peralta*, 744 F.3d at 1082. Instruction 13.4 was not argumentative or cumulative, and did not improperly focus the jury's attention on specific factors from Instruction 13.2. Instruction 13.4 provided necessary expansion on concepts introduced, but not fully explained, in Instruction 13.2. And "the jury was entitled to a more complete statement of law to assist them in assessing the particular facts of this case." *Goodlow*, 2015 WL 11251803, at *2.

Each party shall bear its own costs on appeal.

**AFFIRMED.**