NOT FOR PUBLICATION

# FILED

## UNITED STATES COURT OF APPEALS

MAR 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## FOR THE NINTH CIRCUIT



| | |
|---|---|
| BESS BAIR; TRISHA LEE LOTUS; BRUCE EDWARDS; JEFFREY HEDIN; DAVID SPREEN; ENVIRONMENTAL PROTECTION INFORMATION CENTER, a non-profit corporation; CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation; CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation, | No. 15-15674<br><br>D.C. No. 3:14-cv-03422-WHA<br><br>MEMORANDUM* |
| Plaintiffs-Appellants, | |
| v. | |
| CALIFORNIA DEPARTMENT OF TRANSPORTATION; MALCOLM DOUGHERTY, in his official capacity as Director of the California Department of Transportation, | |
| Defendants-Appellees, | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted March 13, 2017
San Francisco, California

Before: FERNANDEZ and WATFORD, Circuit Judges, and STATON,** District Judge.

Bess Bair and a number of other persons and entities[1] (collectively "Bair") appeal the district court's denial of attorney's fees[2] to Bair against the California Department of Transportation and its Director, Malcolm Dougherty, in his official capacity, (hereafter collectively "Caltrans") on the basis, among other things, that the motion for fees was not filed in a timely fashion.[3] We affirm.

Pursuant to a stipulation by the parties to the action, on December 4, 2014, the district court dismissed the action without prejudice on the basis that "there is no final agency action subject to judicial review" and Bair's claims were, therefore, not "ripe for adjudication." That was a final order. *See McGuckin v. Smith*, 974 F.2d 1050, 1053 (9th Cir. 1992), *overruled on other grounds by*, *WMX Techs., Inc.*

---

**The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

[1]Those are: Trisha Lee Lotus, Bruce Edwards, Jeffrey Hedin, David Spreen, Environmental Protection Information Center, Center for Biological Diversity, and Californians for Alternatives to Toxics.

[2]The motion was made pursuant to the provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

[3]We need not, and do not, consider the district court's other bases for denying the motion.

*v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc); *see also Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994). Moreover, because the unripe action was dismissed upon the stipulation of the parties and without prejudice, it was not appealable. *See Ward v. Apple Inc.*, 791 F.3d 1041, 1046 (9th Cir. 2015); *Montes*, 37 F.3d at 1350. In short, this stipulated judgment was both final and nonappealable when entered; put otherwise, as to this type of judgment[4] there was no "possibility that the judgment was 'open to attack'" once it was entered. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 610 (9th Cir. 2007). Thus, the time to file a motion for fees began to run on December 4, 2014, and expired fourteen days later if the EAJA did not apply,[5] or thirty days later if it did.[6]

Bair, however, suggests that the judgment was not final because the Federal Highway Administration had the right to intervene[7] and, thus, had a right to appeal. Not so. No doubt there was an intervention right before the action was voluntarily dismissed without prejudice to any party. However, once the case was dismissed

---

[4]Here, all of the parties specifically agreed that "there is no final agency action subject to judicial review, and no claims have yet accrued for statute of limitation purposes." They added: "no party hereto waives any claim or defense, and can assert any and all claims or defenses in any subsequent legal challenge."

[5]*See* N.D. Cal. Civil L. R. 54-5(a); *see also* Fed. R. Civ. P. 54(d)(2)(B)(i).

[6]*See* 28 U.S.C. § 2412(d)(1)(B).

[7]*See* 23 U.S.C. § 327(d)(3).

without prejudice as unripe and without any waiver of claims or defenses, there was nothing left to intervene in or to appeal from. *See Yniguez v. Arizona*, 939 F.2d 727, 731 (9th Cir. 1991); *see also Diamond v. Charles*, 476 U.S. 54, 68, 106 S. Ct. 1697, 1706, 90 L. Ed. 2d 48 (1986). Of course, the Federal Highway Administration had not even attempted to intervene before the dismissal without prejudice was issued.

Finally, Bair asserts that the district court should have granted equitable tolling. However, to obtain that Bair had to, at least, show due diligence and that "some extraordinary circumstance stood in [Bair's] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). That Bair did not do. Bair has shown "what is at best a garden variety claim of excusable neglect," if that. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990). In fact, Bair's date of filing would have been timely only if Bair prevailed on three debatable points: the EAJA applied to Caltrans, which is not itself a United States entity (a proposition that had not been adopted by any court at that time); the stipulated voluntary dismissal on the basis of unripeness did not result in a final judgment and was appealable; and Caltrans' time to appeal (and Bair's) was controlled by Federal Rule of Appellate Procedure 4(a)(1)(B). Bair ran the risk of failure to prevail on all of those points. That was brave perhaps; it was not diligent, and a timely filing was not precluded by some

4

extraordinary circumstance.

In fine, the district court did not abuse its discretion when it denied Bair's motion for attorney's fees. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

AFFIRMED.