NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRETT HAGEWOOD; KIM
HAGEWOOD,

        Plaintiffs-Appellants,

v.

WILLIAM D. GORE, Sheriff of the County
of San Diego; et al.,

        Defendants-Appellees.

No. 18-55986

D.C. No. 3:16-CV-3126-W-BLM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted October 22, 2019[**]
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and RESTANI,[***] Judge.

Appellants Brett and Kim Hagewood appeal from the district court's order

dismissing their 42 U.S.C. § 1983 action without prejudice for insufficient service

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

of process pursuant to Fed. R. Civ. P. 12(b)(5). The district court concluded that Appellants failed to show good cause for their failure to serve Appellees with process until several months beyond the 90-day deadline required by Fed. R. Civ. P. 4(m). The Court has jurisdiction under 28 U.S.C. § 1291,[1] and it affirms.

Appellants claim that the district court abused its discretion when it dismissed their action without prejudice. This Court reviews a district court's dismissal of a complaint for insufficient service of process pursuant to Rule 12(b)(5) for an abuse of discretion. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). The Court first reviews, *de novo*, whether the district court identified the correct legal rule to apply to the requested relief. *United States v. Capener*, 608 F.3d 392, 400 (9th Cir. 2010). If the district court applied the correct legal rule, then the Court reviews the district court's application of that rule for an abuse of discretion. *Id*.

First, the district court applied the correct legal rule under the circumstances of this case. Appellees moved for a dismissal pursuant to Rule 12(b)(5), claiming

---

[1] Generally, a district court order of dismissal without prejudice under Rule 12 is neither a final nor appealable order unless it disposes of all claims as to all parties. *Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994). Nevertheless, this "finality requirement must be given a practical rather than a technical construction." *Id*. Where a district court clearly intends for its dismissal without prejudice to end all litigation of the instant action, the dismissal operates as a final, appealable judgment. *See id*.

that Appellants' service of process was untimely, and therefore insufficient. The district court relied upon Rule 4(m), which addresses directly whether Appellees were entitled to a dismissal based upon Appellants' failure to serve process within 90 days of filing their Complaint. *See In re Sheehan*, 253 F.3d 507, 511–12 (9th Cir. 2001).

Second, the district court did not abuse its discretion. Rule 4(m) requires a district court to grant an extension of time to effect service only if a plaintiff shows good cause for the delay. *See Sheehan*, 253 F.3d at 512. Absent a showing of good cause, the district courts have discretion either to dismiss the case without prejudice or to extend the time period to effect service. *Id.* at 513. Appellants provided the district court with no reason, and thus no good cause, for their delay.

In the absence of good cause, district courts should consider several equitable factors in the exercise of their discretion. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In this case, the district court applied those factors and concluded, in its sound discretion, that a dismissal without prejudice was proper. Its decision was not illogical, implausible, or without support in inferences that may be drawn from the record. Accordingly, the district court did not abuse its discretion.

For the foregoing reasons, the decision of the district court is hereby

**AFFIRMED.**

3