**NOT FOR PUBLICATION**


## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHANA BECERRA, on behalf of herself, all others similarly situated, and the general public,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>THE COCA-COLA COMPANY,<br><br>    Defendant-Appellee. | No.  18-15365<br><br>D.C. No. 3:17-cv-05916-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted December 4, 2019[**]
San Francisco, California

Before: SILER,[***] BYBEE, and R. NELSON, Circuit Judges.

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appellant Shana Becerra sued appellee The Coca-Cola Company, alleging that Coca-Cola violated various consumer-fraud laws by branding Diet Coke using the word "diet." The district court dismissed her claims, but granted leave to amend. Instead of amending her complaint, Becerra appealed. We dismiss her appeal for lack of jurisdiction.

Title 28 U.S.C. § 1291 limits appellate jurisdiction to "final decisions of the district courts of the United States." "A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 448 (9th Cir. 2000) (internal quotation marks omitted). Orders granting motions to dismiss are "not necessarily immediately appealable." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 870 (9th Cir. 2004). When an order granting a motion to dismiss is without prejudice and with leave to amend, it is not a final appealable order. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

The district court order here shows no intent to dispose of the entire action. *See Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994) (noting that, in determining whether a dismissal order is final, it is important to consider "what effect the court intended it to have, rather than the label placed upon it"). Nothing in the order or in the record shows that the dismissal order ended the case. We

2

therefore dismiss Becerra's appeal for lack of jurisdiction. *See WMX Techs.*, 104 F.3d at 1136 ("[A] plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint.").

DISMISSED.