**NOT FOR PUBLICATION**



**FILED**

JUL 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAUN BEVERIDGE; REED ALEFTERAS; ROBERT ELDER, | No. 20-35848 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-00098-RMP |
| v. | MEMORANDUM[*] |
| CITY OF SPOKANE; CITY OF SPOKANE POLICE DEPARTMENT; CRAIG MEIDL, Chief of Police; LONNY TOFSRUD, Detective; DEAN SPRAGUE, Lieutenant; JOHN AND JANE DOES, 1-10, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted July 7, 2021
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CLIFTON and IKUTA, Circuit Judges, and CALDWELL,[**] District Judge.

Plaintiffs Shaun Beveridge, Reed Alefteras, and Robert Elder appeal from the district court's order: (1) granting in part Defendants' Motion for Judgment on the Pleadings and dismissing their claims brought under 42 U.S.C. § 1983; (2) striking extrinsic evidence that Plaintiffs offered in opposition to Defendants' motion; and (3) dismissing rather than remanding Plaintiffs' state law claims to Washington Superior Court. We affirm.

Neither party has challenged our jurisdiction in this case. Nevertheless, as we must, we raise the threshold jurisdictional question sua sponte. *See WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc). Although the district court dismissed some of Plaintiffs' claims without prejudice on September 1, 2020, it entered judgment the same day. The fact that the district court in its order directed the clerk to enter judgment and close the case, a direction that was followed on the same day as the entry of the order, indicates to us that the district court intended its order to be final and resolve the case completely. *See Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994). The entry of

---

[**] The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

judgment rendered the district court's decision a final, appealable order. Thus, we have jurisdiction under 28 U.S.C. § 1291.

We review the district court's decision granting Defendants' Motion for Judgment on the Pleadings and dismissing Plaintiffs' § 1983 claims de novo. *See Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017).

As an initial matter, Plaintiffs have abandoned any appeal of the dismissal of their § 1983 Fourth Amendment claims by failing to substantively discuss the claims on appeal. *See* Fed. R. App. P. 28(a)(8)(A).

The district court did not err in dismissing Plaintiffs' claims against the Spokane Police Department. The Spokane Police Department is not a proper defendant in this case. *See* Wash. Rev. Code § 4.96.010.  Dismissal of the Spokane Police Department did not eliminate any of Plaintiffs' substantive claims. The City of Spokane remained a party and was a proper defendant for all of Plaintiffs' § 1983 claims.

The district court did not err in dismissing Plaintiffs' standalone § 1983 claim with prejudice. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"

*Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

The district court did not err in dismissing Plaintiffs' § 1983 Eighth Amendment claims with prejudice. Plaintiffs concede that Beveridge's Eighth Amendment rights were not violated. The district court correctly concluded that Elder and Alefteras cannot state cognizable § 1983 Eighth Amendment claims. A § 1983 claim that implies the invalidity of a conviction or sentence is not cognizable unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (9th Cir. 1994). Plaintiffs contend that Elder's and Alefteras's pleas are "awaiting hearing pursuan[t] to . . . Motion[s] to Set Aside the plea[s] as illegally entered." At the time of the filing of the complaint and of the dismissal by the district court, the convictions remained valid. Moreover, we were informed that the motions to set aside the pleas were denied.[1] Plaintiffs thus concede that the convictions stand.

The district court did not err in dismissing Plaintiffs' Fourteenth Amendment *Brady* claims without prejudice. With respect to Elder's and

---

[1] We grant Defendants' Motion to Take Judicial Notice (Docket Entry 14) of two Spokane Superior Court orders denying Elder's and Alefteras's motions to set aside their guilty pleas. The court orders are judicially noticeable public records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Alefteras's claims, the district court properly concluded the United States Constitution does not require disclosure of impeachment evidence prior to entry of guilty pleas. *See United States v. Ruiz*, 536 U.S. 622, 633 (2002) (reasoning that impeachment evidence is "more closely related to the *fairness* of a trial than to the *voluntariness* of the plea") (emphasis in original). Plaintiffs do not challenge the district court's determination that the allegedly undisclosed evidence was impeachment evidence. As for Beveridge's *Brady* claim, although we disagree with the district court's conclusion that Beveridge cannot show prejudice merely because he was acquitted, we conclude that Plaintiffs have failed to allege sufficient facts to support an inference that the failure to disclose the allegedly omitted evidence deprived Beveridge of a fair trial. *See Soo Park v. Thompson*, 851 F.3d 910, 924–27 (9th Cir. 2017) (distinguishing due process materiality in the criminal context from materiality under § 1983 and explaining that undisclosed evidence is material under § 1983 "only if it affected the question whether the defendant was deprived of a fair trial").

The district court did not abuse its discretion in dismissing Plaintiffs' § 1983 Fourteenth Amendment malicious prosecution claims without prejudice. To state a claim for malicious prosecution under § 1983, Plaintiffs must allege the elements

of a state law malicious prosecution claim, as well as that "the [D]efendants prosecuted [them] with malice and without probable cause, and that they did so for the purpose of denying [them] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Plaintiffs failed to allege facts to support an inference that any of the necessary elements were satisfied apart from the injury requirement. *See Youker v. Douglas Cty.*, 258 P.3d 60, 66–67 (Wash. Ct. App. 2011) (setting forth Washington state law requirements for a malicious prosecution claim).

The district court did not abuse its discretion in excluding the extrinsic evidence that Plaintiffs offered in opposition to Defendants' motion. In deciding motions for judgment on the pleadings, courts are limited to the four corners of the complaint. *See* Fed. R. Civ. P. 12(c), (d). The district court explicitly declined to convert Defendants' motion into a motion for summary judgment, stating that it would "abide by the standard under Rule 12(c)" and "take all of Plaintiffs' factual allegations as true." Plaintiffs do not contend that the district court improperly considered external matters. *See* Fed. R. Civ. P. 12(d) (explaining that conversion is required if the court considers matters outside the complaint). Moreover, Plaintiffs' argument regarding incorporation by reference lacks merit. The doctrine

is intended to prevent plaintiffs from surviving a motion to dismiss by "selecting only portions of documents that support their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). It does not apply here. As noted, the district court properly took all the complaint's plausible allegations as true.

The district court did not abuse its discretion in dismissing rather than remanding Plaintiffs' state law claims. Plaintiffs do not contend that they asked the district court to remand their state law claims and cite no authority to support the proposition that remand was required in this case. Plaintiffs' argument that the statute of limitations on their state law claims ran while the case was being litigated in the district court lacks merit. The tolling provision in 28 U.S.C. § 1367(d) has suspended the statute of limitations during the federal litigation and for thirty days thereafter. *See Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018).

**AFFIRMED.**