Ezra WILLIAMS, Appellant,

v.

Robert A. HEINZE, Warden, Folsom State Prison, Appellee.

Misc. No. 333.

United States Court of Appeals Ninth Circuit.

Sept. 22, 1959.

Ezra Williams, in pro. per.

No appearances for respondent.

Before STEPHENS, POPE, and HAMLEY, Circuit Judges.

PER CURIAM.

Following a jury trial, Ezra Williams was convicted in the superior court of the State of California of the crime of murder in the first degree. On January 7, 1957, he was sentenced to life imprisonment and is presently incarcerated at Folsom State Prison. His conviction

was thereafter affirmed by the California District Court of Appeal for the Fourth Appellate District. People v. Williams, 153 Cal.App.2d 21, 314 P.2d 42.

On June 4, 1959, Williams applied to the United States District Court for the Northern District of California, Northern Division, for a writ of habeas corpus. He also moved in that court for an order appointing counsel to assist him in prosecuting his application. The application and motion were denied without hearing on June 9, 1959. A petition for rehearing was denied on June 25, 1959.

Desiring to appeal from these orders, Williams applied to the district court for a certificate of probable cause. The issuance of such a certificate is a prerequisite to an appeal to this court from an order denying an application for a writ of habeas corpus where the detention complained of arises out of process issued by a state court. 28 U.S.C.A. § 2253. On August 18, 1959, the district court declined to issue a certificate of probable cause.

Williams did not move in that court for leave to appeal in forma pauperis. The district court nevertheless certified on August 18, 1959, that the appeal was not taken in good faith. The effect of such a certificate is to preclude this court from granting leave to appeal in forma pauperis unless the certificate is first set aside. 28 U.S.C.A. § 1915(a).

Williams has now applied to the "judges" of this court for a certificate of probable cause and for leave to appeal in forma pauperis.

A certificate of probable cause may be issued by an individual judge of this court. Leave to proceed in forma pauperis, however, may be granted only by the court. Since both matters involve the same considerations, they will be considered and disposed of together by the court as herein constituted.

In the district court memorandum and order of June 9, 1959, two grounds were given for denying, without hearing, the application for a writ of habeas corpus. The first of these was that Williams had not exhausted his state remedies, as required by 28 U.S.C.A. § 2254. The second was that Williams' application did not disclose any error in his commitment cognizable by a federal court.

We turn to a consideration of this second reason for denying the application for a writ. In his application three grounds are stated for issuance of the writ, all based upon the fact that the record on appeal following his state court conviction was changed after the record reached the California District Court of Appeal. This change was with regard to the form of an instruction the giving of which, Williams asserts, was reversible error.

The reporter's original transcript on appeal recited that in reading a certain instruction to the jury the trial judge said: "If the unlawful killing of a human being is done *without* malice aforethought but without deliberation and meditation * * * then the offense is murder in the second degree." (Emphasis added.) Proceeding under Rule 12(b), Rules on Appeal for the California Supreme Court and the District Courts of Appeal, West's Ann.Cal.Code, the prosecution applied to the state reviewing court for an order correcting the record by changing the italicized word "without" to read "with."

This application was supported by an affidavit of the trial judge reciting that in truth and in fact he read from CALJIC instruction No. 305, which was one of the written instructions before him, and that he did not use the words "without malice", quoted in the transcript, but instead used the words "with malice." The trial judge further stated that the record in this respect should be corrected accordingly. The court reporter who took and transcribed in notes in question also stated by affidavit that the error was the fault of the transcriber, and that in truth and in fact her notes show that the trial judge used the words "with malice" in giving the instruction. By

order of the state reviewing court, the transcript was corrected accordingly.

 Williams asserts in his application for a writ of habeas corpus that this change in the appellate record was accomplished by the use of "perjured affidavits knowingly made use of by the prosecution, and through subornation of perjury by several state agents, all of which was condoned by the district court of appeal." This assertion is not supported by any factual allegations but only by applicant's legal conclusion that where an appellate record has once been verified "any attempt to alter, evade, or annul the import of the original writing in any material portion thereof is perjury."

This legal conclusion is without merit. All appellate courts, including United States courts of appeal (see Rule 75(h), Federal Rules of Civil Procedure, 28 U.S. C.A.), permit appellate records to be corrected when a sufficient showing is timely made. Rule 12(b), referred to above, provides for such procedure in the appellate courts of California. The California District Court of Appeal has held that this procedure has been followed with regard to the record correction here made. This state court ruling is binding on federal courts.

In addition to these conclusions pertaining to "perjury" and "subornation of perjury," Williams' application contains general assertions to the effect that numerous California constitutional and statutory provisions and court rules, as applied in his case, are unconstitutional. It also contains general allegations to the effect that various state agents and officers entered into an unlawful conspiracy to deprive applicant of a fair appellate review. All of these general allegations apparently have reference to the fact that the appellate record was corrected in the manner indicated above.

 It is possible for a state court appellate record to be settled in such manner as to deprive the individual seeking to appeal of some federal constitutional right. See Chessman v. Teets, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253.

No fact or circumstance alleged in Williams' application for a writ of habeas corpus, however, tends to indicate that he was deprived of any such right. Nor are any facts alleged which tend to support the general assertion that state agents and officers are engaged in an unlawful conspiracy.

We conclude that Williams' application for a writ of habeas corpus presents no question which is cognizable in a federal court. It follows that on his appeal to this court from the district court order denying that application, no reasonably debatable issue is presented.

The application for a certificate of probable cause and the motion for leave to appeal in forma pauperis are denied.