**Eddie G. JAVOR, Appellant,**

v.

**Edmund G. BROWN, Governor of the State of California, et al., Appellees.**

Misc. No. 1254.

United States Court of Appeals Ninth Circuit.

Aug. 24, 1961.

Eddie G. Javor, in pro. per.

Before ORR, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM.

In this action invoking the Federal Civil Rights Act, 42 U.S.C.A. § 1975 et seq., and other statutes relating to jurisdiction, plaintiff seeks damages, a declar-

atory judgment, and injunctive relief from eighteen named officials of the state of California.

Defendants moved for an order dismissing the "complaint and action" for failure to state facts establishing jurisdiction or upon which relief could be granted. The district court entered an order granting "the motion by defendants to dismiss the complaint herein * * *." Thus, while defendants sought dismissal of the action as well as the complaint, the motion was granted only to the extent of dismissing the complaint.

On June 28, 1961, Javor filed in the district court a notice of appeal from this order, tendering the five-dollar district court fee for such a filing. At the same time he filed in the district court a motion for leave to appeal in forma pauperis. Since Javor had paid all fees in connection with the appeal which were required to be filed in the district court, the latter court transmitted to this court for disposition the motion to appeal in forma pauperis.

This court remanded the cause to the district court for certification as to whether on not the appeal was taken in good faith, with provision that the proceedings be then returned to this court. On August 10, 1961, the district judge certified that the appeal was not taken in good faith. The reason stated in the certificate is that an order granting a motion to dismiss a complaint is not an appealable order.

 An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith unless the certificate is first set aside. 28 U.S.C.A. § 1915(a); Williams v. Heinze, 9 Cir., 271 F.2d 308. If it appears from the record that the order sought to be reviewed is not appealable, the conclusion is warranted that the appeal is not taken in good faith.

Except under special circumstances not present here, an order which dismisses a complaint without dismissing the action is not an appealable order.

Williams v. Peters, 9 Cir., 233 F.2d 618, 16 Alaska 471. Since the order here in question dismissed only the complaint it is not appealable, and the district court correctly certified that the appeal was not taken in good faith.

For the same reason and on our motion we dismiss the appeal and remand the case to the district court. If upon this remand appellant elects not to amend his complaint, the trial court should enter a judgment or order dismissing the action, which judgment or order will be appealable in so far as finality is concerned. Gardner v. J. J. Newberry Co., 9 Cir., 239 F.2d 178. In that event appellant may renew in the district court his motion for leave to appeal in forma pauperis in order that this court may have the certificate of the district court on the record then existing as to whether the appeal is taken in bad faith.