**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LOUIS BUTLER O'NEAL,
            *Plaintiff-Appellant,*

v.

PRICE, CDC Staff Counselor,
            *Defendant-Appellee.*

No. 06-15591

D.C. No.
CV-02-01824-LKK

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior Judge, Presiding

Argued and Submitted
November 8, 2007—San Francisco, California

Filed July 14, 2008

Before: Sidney R. Thomas, Richard C. Tallman, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta;
Partial Concurrence and Partial Dissent by Judge Thomas

## COUNSEL

Adam Grace, Law Office of Adam Grace, Stockton, California, for the plaintiff-appellant.

Megan O'Carroll, Deputy Attorney General, Sacramento, California (argued); Barbara A. Morris, Deputy Attorney General, Sacramento, California, for the defendant-appellee.

## OPINION

IKUTA, Circuit Judge:

Section 1915(g) of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71[1], precludes a prisoner from proceeding in forma pauperis if on three or more prior occasions the prisoner incurred a "strike," that is, had brought an action that was dismissed because it was frivolous, malicious, or failed to state a claim. In this appeal, Louis O'Neal challenges the district court's determination that he incurred three strikes. Because we agree that the three prior actions identified by the district court constituted strikes for purposes of 28 U.S.C. § 1915(g), we affirm.

I

On October 15, 2002, Louis O'Neal, a prisoner incarcerated in Folsom State Prison, filed a complaint in federal district court alleging that he had suffered injuries resulting from punitive confinement and inadequate medical care, and that his transfer to Ironwood State Prison had been delayed due to a breach of the duty of care on the part of J. Price, a counselor

[1]28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

at the prison. In his motion to dismiss, Price asserted that O'Neal had struck out under § 1915(g). Price attached district court records for three past actions filed in the Central District of California in which O'Neal was the plaintiff: *O'Neal v. Schelage*, No. 94-4594 (C.D. Cal.) ("*Schelage*"); *O'Neal v. Cal. State Prison*, No. 00-8418 (C.D. Cal.) ("*CSP*"); and *O'Neal v. Parriott*, No. 99-8370 (C.D. Cal.) ("*Parriott*"). The United States District Court for the Eastern District of California granted Price's motion to dismiss. We vacated the judgment of the district court and remanded with instructions to reconsider the matter in light of *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005).

On remand, the district court again dismissed O'Neal's claim without prejudice on the ground that O'Neal had struck out under 28 U.S.C. § 1915(g). This determination was supported by the following information. For *Schelage*, the record included a district court order denying O'Neal leave to proceed in forma pauperis for five reasons: 1) "No federal jurisdiction"; 2) "Fails to allege compliance with [Federal Tort Claim Act] and/or name proper defendant"; 3) "Sovereign Immunity as to United States and/or federal agency as to [Social Security Administration]"; 4) "The SSA/USA has not consented to suit for damages"; and 5) "No ground of error stated for review under 42 U.S.C. § 405(g); case belongs in E.D. Cal; none of the parties reside in CDC and none of the claims arose here." The record also contained a docket sheet, which included the entry:

> ORDER DENYING lv to file action w/o prepayment of fees by Judge Manuel L. Real terminating case (am) [Entry date 07/11/94]

For *CSP*, the record included a district court order denying O'Neal leave to proceed in forma pauperis. The order stated: "IT IS RECOMMENDED that the application of prisoner plaintiff to file the action without prepayment of the full filing

fee be DENIED for the following reason(s): Failure to State a Claim," and continued:

> A state prisoner has no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of property, either intentional or negligent, by a state employee if a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994).

The record also contained a docket sheet, which included the entries:

> ORDER by Judge Terry J. Hatter denying motion to proceed without prepayment of full filing fee [1-1] Recommended by Magistrate Judge Ralph Zarefsky (Case terminated. MD JS-6) ENT 8/24/00 (pc) [Entry date 08/24/00]

> RETURNED lodged complaint and copy of Order to plaintiff Louis Butler O'Neal (pc) [Entry date 08/24/00]

For *Parriott*, the record included a one-page district court order adopting the magistrate judge's report and dismissing O'Neal's claim with prejudice. The magistrate judge had recommended that the matter be dismissed, stating:

> Plaintiff has failed to exhaust administrative remedies as required. If this were the only apparent short-coming, then the undersigned would likely recommend dismissing this action without prejudice to Plaintiff's filing another action after exhausting such remedies. However, Plaintiff has also failed, in four attempts, to state a substantive claim for the

alleged deprivation of his medicine in 1999. Although a *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment, *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), under the circumstances, Plaintiff should not be given a fifth chance to cure the deficiencies. *McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal with prejudice of civil rights plaintiff's Fourth Amended Complaint for repeated failures to correct noted pleading shortcomings). Therefore, the Complaint should be dismissed without leave to amend.

O'Neal sought to appeal. Pursuant to 28 U.S.C. § 1915(a)(3), the district court certified in writing that O'Neal's appeal was not taken in good faith.[2] On July 19, 2006, we granted O'Neal leave to proceed in forma pauperis, with the condition that he must eventually pay the full amount of the filing and docketing fees for this appeal.

On appeal, O'Neal claims that *Schelage* and *CSP* did not constitute strikes under 28 U.S.C. § 1915(g) because the relevant district courts had disposed of the actions by denying O'Neal's applications to proceed without prepayment of the full filing fee. Second, O'Neal claims that *Parriott* did not constitute a strike because the district court considering that action had not dismissed it for one of the reasons enumerated in § 1915(g).

## II

**[1]** Before reaching O'Neal's arguments, we must first determine whether we have jurisdiction to consider O'Neal's

---

[2]28 U.S.C. § 1915(a)(3) states:

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

appeal given the district court's certification that the appeal was not taken in good faith. 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." However, subsections (a)(4) and (5) of Rule 24 of the Federal Rules of Appellate Procedure give litigants a procedural route for challenging the trial court's certification. These subsections state:

> (4)   Notice of District Court's Denial. The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:
>
>> (A)   denies a motion to proceed on appeal in forma pauperis;
>>
>> (B)   certifies that the appeal is not taken in good faith; or
>>
>> (C)   finds that the party is not otherwise entitled to proceed in forma pauperis.
>
> (5)   Motion in the Court of Appeals. A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. R. App. P. 24(a)(4), (5).

[2] All circuits considering this issue have concluded that Rule 24 allows appellate consideration of in forma pauperis appeals notwithstanding a district court's certification that the

appeal was not taken in good faith. *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007); *Owens v. Keeling*, 461 F.3d 763, 773-76 (6th Cir. 2006); *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000); *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997); *Wooten v. D.C. Metro. Police Dep't*, 129 F.3d 206, 207 (D.C. Cir. 1997); *Baugh v. Taylor*, 117 F.3d 197, 200-02 (5th Cir. 1997). However, courts have adopted different rationales for this conclusion. The Sixth Circuit held that Rule 24(a)(5) conflicts with § 1915(a)(3), but that the Rules Enabling Act, 28 U.S.C. § 2072(b),[3] requires courts to follow Rule 24(a)(5) notwithstanding this conflict. *See Owens*, 461 F.3d at 774-75. The Fifth Circuit, on the other hand, held that Rule 24(a)(5) and § 1915(a)(3) do not necessarily conflict, and can be interpreted to allow courts to comply with both provisions. *See Baugh*, 117 F.3d at 200-02.

**[3]** We agree with the Fifth Circuit that § 1915(a)(3) and Rule 24(a) can be read harmoniously. Although a litigant is not entitled to proceed in forma pauperis on appeal when a district court has entered a certification under § 1915(a)(3), the litigant may challenge that certification by filing a motion in this court pursuant to Rule 24(a)(5). *See* Fed. R. App. P. 24 advisory committee notes ("The final paragraph [of subsection (a)] establishes a subsequent motion in the court of appeals, rather than an appeal from the order of denial or from the certification of lack of good faith, as the proper procedure

---

[3]28 U.S.C. § 2072 states:

(a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.

(b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

(c) Such rules may define when a ruling of a district court is final for the purposes of appeal under section 1291 of this title.

for calling in question the correctness of the action of the district court."). If upon review of the record we determine that the district court erred in making a § 1915(a)(3) certification, we may vacate the district court's certification, grant the prisoner leave to take an appeal in forma pauperis, and construe the prisoner's motion as a timely notice of appeal. *See* 28 U.S.C. § 2106; *see also Javor v. Brown*, 295 F.2d 60, 61 (9th Cir. 1961) (interpreting pre-PLRA § 1915(a) to stand for the proposition that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith unless the certificate is first set aside"); *Williams v. Heinze*, 271 F.2d 308, 309 (9th Cir. 1959) (same).

[4] Our prior order in this case noted that "[o]ur review of the record indicates that appellant is entitled to in forma pauperis status for this appeal." Accordingly, we construe this prior order as vacating the district court's certification that O'Neal's appeal was not taken in good faith. Once this certification had been vacated, there was no barrier to O'Neal's appeal, and therefore § 1915(a)(3) poses no bar to our consideration of O'Neal's claim on the merits.

## III

[5] We next turn to the question whether O'Neal's prior actions constitute strikes. The procedure for plaintiffs proceeding in forma pauperis is different from the procedure for ordinary litigants:

> In most civil actions, the submission and filing of a complaint are simultaneous events. That is not the case when a prisoner submits a complaint with an application to proceed *in forma pauperis*, where there is normally a gap in time between the submission of the complaint and its filing.

*Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint. *Id.*; *see also* 28 U.S.C. § 1915A.[4] In practice (as occurred in *Schelage* and *CSP*), the district court may style its disposition of complaints dismissed for a reason specified in § 1915A as a denial of a prisoner's application to file the action without prepayment of the filing fee. However, § 1915A itself refers only to dismissals of cases after the screening process, and does not recognize any independent process relating to in forma pauperis applications. The complaint is filed only after the district court identifies cognizable claims. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

O'Neal contends that he does not have three strikes under the plain language of § 1915(g). As noted above, if a prisoner has "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," such an action counts as a strike. 28 U.S.C. § 1915(g). O'Neal claims he had not "brought" an action in

---

[4]28 U.S.C. § 1915A states, in pertinent part:

(a) Screening.— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b)  Grounds for Dismissal.— On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)  seeks monetary relief from a defendant who is immune from such relief.

*Schelage* and *CSP*, nor were his actions "dismissed," because he merely filed applications for in forma pauperis status which were subsequently denied. Price, who bears the initial burden of proving each strike, *see Andrews*, 398 F.3d at 1120, contends that O'Neal "brought" *Schelage* and *CSP* for purposes of § 1915(g) when O'Neal submitted his complaints to the district court, and that the actions were "dismissed" when the district courts disposed of the cases. We will consider each of these issues in turn.

A

The word "brought" is not defined in the PLRA. However, in construing a related provision of the PLRA, we held that actions are "brought" for purposes of 42 U.S.C. § 1997e(a)[5] " 'when the complaint is tendered to the district clerk,' and not when it is subsequently filed." *Vaden*, 449 F.3d at 1050 (quoting *Ford*, 362 F.3d at 400). Noting that requiring plaintiffs to exhaust their claims administratively before submitting them for the court's consideration furthers Congress's goal of "reduc[ing] the quantity and improv[ing] the quality of prisoner suits," we concluded that a prisoner has "brought" a complaint when the prisoner submits it to the court. *Id*. (quoting *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)).

**[6]** *Vaden*'s construction of the term "brought" is equally applicable to § 1915(g). As the Supreme Court has noted, under its "normal rule of statutory construction . . . identical words used in different parts of the same act are intended to have the same meaning." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995) (internal quotation marks omitted). Moreover, just as in *Vaden*, construing "brought" in § 1915(g) to

---

[5]42 U.S.C. § 1997e(a) states that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

mean "submitted to the court" furthers Congress's intent to screen out frivolous complaints by precluding prisoners from submitting an endless stream of frivolous in forma pauperis complaints.[6] Therefore, we conclude that a plaintiff has "brought" an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court.

**[7]** In this case, O'Neal submitted to the court a complaint and request for in forma pauperis status in both *Schelage* and *CSP*. We conclude that these actions were "brought" within the meaning of § 1915(g).

B

**[8]** As with the word "brought," the PLRA does not define the word "dismissed." However, reading the word "dismissed" in § 1915(g) in the context of "the language and design of the statute as a whole," *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988), we conclude that the district court has "dismissed" the prisoner's case for purposes of § 1915(g) when the court denies the prisoner's application to file the action without prepayment of the filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim, and thereupon terminates the complaint.

---

[6]Although *Andrews* stated in passing that "when challenging a prisoner's [in forma pauperis] status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were frivolous, malicious, or failed to state a claim," 398 F.3d at 1120 (internal quotation marks omitted), we do not read this statement as ruling on the question whether an in forma pauperis claim must be filed in order to be "brought" for purposes of § 1915(g). Statements "made casually and without analysis," which do not address issues brought to the attention of the court, do not constitute precedent. *United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001) (en banc) (Kozinski, J., concurring); *see also Webster v. Fall*, 266 U.S. 507, 511 (1925).

The PLRA details a court's obligation to dismiss a plaintiff's in forma pauperis complaint in three separate but interrelated provisions, 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), and 42 U.S.C. § 1997e(c). *See Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc). Under § 1915A, a district court must, if possible, review "before docketing" a prisoner's complaint against "a governmental entity or officer or employee of a governmental entity," and the court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." In practice, when the prisoner is proceeding in forma pauperis, the district court conducts the screening process contemplated by § 1915A when a prisoner submits a complaint along with an in forma pauperis application. *See Vaden*, 449 F.3d at 1050. Section 1915A applies whether or not the prisoner's claim is brought in forma pauperis.

Under § 1915(e)(2)(B), a district court must dismiss a prisoner's in forma pauperis case "at any time" if the court determines that the action is (i) "frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted"; or (iii) "seeks monetary relief against a defendant who is immune from such relief." *See Lopez*, 203 F.3d at 1127 ("It is . . . clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Under § 1997e(c), a district court must "on its own motion or on the motion of a party" dismiss a prisoner's action "brought with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."[7]

---

[7]In full, 42 U.S.C. § 1997e(c) states:

Section 1997e(c) also applies whether or not the prisoner's claim is brought in forma pauperis.

**[9]** Read together, these provisions require a district court to dismiss an in forma pauperis complaint when it determines that the complaint meets the criteria set forth in 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), or 42 U.S.C. § 1997e(c). Because these statutes impose a mandatory duty, we construe a district court's termination of an in forma pauperis complaint during the screening process for a reason enumerated in § 1915A, § 1915(e)(2)(B), or § 1997e(c) as a dismissal pursuant to the applicable section. The district court's use of alternative terminology does not change this conclusion. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 986-87 (9th Cir. 1999) (adopting the flexible view that no "particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal"). Accordingly, we hold that when a district court disposes of an in forma pauperis complaint "on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted," such a complaint is "dismissed" for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee.

---

(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

(2)   In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

This interpretation of the screening process follows naturally from the text of the PLRA. Moreover, it is consistent with the analysis in *Vaden*. If the prisoner "brings" a complaint by submitting it to the district court, then logically the disposition of that complaint constitutes a "dismissal." *See Vaden*, 449 F.3d at 1050. This interpretation is also consistent with Congress's intent to conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage. *Id.*; *see also Lopez*, 203 F.3d at 1130 ("Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss, sua sponte and prior to service of process, a complaint that fails to state a claim, a power courts did not have prior to enactment of the PLRA."); *Ford*, 362 F.3d at 399-400 ("A prisoner's civil action may be dismissed under § 1915(e)(2) or § 1915A before any fees have been paid, and thus before 'filing' occurs.").

*Snider v. Melindez*, 199 F.3d 108 (2d Cir. 1999), relied on by O'Neal, is not to the contrary. In that case, the Second Circuit stated that although § 1997e(c) requires the court to dismiss a prisoner's complaint sua sponte "if the court is satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted," § 1997e(c) does not permit a sua sponte dismissal for failure to exhaust administrative remedies.[8] *Snider*, 199 F.3d at 111. Nor could the district court rely upon its inherent authority to dismiss the complaint summarily on those grounds, because the court could not properly determine whether administrative remedies had been exhausted without hearing from the prisoner. *Id.* at 113. However, *Snider* held that it would be proper for the district court to dismiss an action sua sponte for reasons enumerated in § 1997e(c), and it would not be "bad practice" to dismiss the complaint without notice and an opportunity to be

---

[8] 42 U.S.C. § 1997e(c)(1) also provides for dismissals for claims that seek monetary relief from a defendant who is immune from such relief. That provision of § 1997e(c)(1) was irrelevant to the court's reasoning in *Snider*.

heard if it was "unmistakably clear that the court lacks juris-
diction, or that the complaint lacks merit or is otherwise
defective." *Id.*

[10] The dissent raises two arguments as to why *Schelage*
and *CSP* were not "dismissed" within the meaning of 28
U.S.C. § 1915(g). Relying primarily on *Denton v. Hernandez*,
504 U.S. 25, 34 (1992), the dissent first argues that *Schelage*
and *CSP* cannot be strikes for purposes of § 1915(g) because
O'Neal was not precluded in either case from re-filing a paid
complaint. Dissent at 8698-99. Neither *Denton* nor the plain
language of § 1915 supports this conclusion. *Denton* held that
a dismissal under the pre-PLRA version of § 1915 "is not a
dismissal on the merits," and therefore would "not prejudice
the filing of a paid complaint making the same allegations."
504 U.S. at 34. However, *Denton* did not suggest that a dis-
missal under pre-PLRA § 1915(d) was something less than a
genuine dismissal. Because § 1915(g) of the current PLRA
does not distinguish between dismissals with and without
prejudice, *Denton* does not detract from the conclusion that a
dismissal without prejudice may count as a strike. *See also
Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) ("[A]
dismissal without prejudice counts as a strike, so long as the
dismissal is made because the action is frivolous, malicious,
or fails to state a claim.").[9] Nor does anything in the plain lan-

---

[9]In holding that failure to exhaust administrative remedies as required
by § 1997e(a) does not constitute a strike for purposes of § 1915(g), the
Second Circuit stated that § 1915(g) was intended to apply to "nonmeritor-
ious suits dismissed with prejudice, not suits dismissed without prejudice
for failure to comply with a procedural prerequisite." *Snider*, 199 F.3d at
111; *see also Tafari v. Hues*, 473 F.3d 440, 442-44 (2d Cir. 2007) (holding
that dismissal of a premature appeal for lack of jurisdiction does not con-
stitute a strike under § 1915(g)). We understand these cases to hold that
actions dismissed for procedural defects are not necessarily strikes under
§ 1915(g), though they may constitute strikes under certain circumstances.
*See Tafari*, 473 F.3d at 444 ("We do not intend to foreclose the possibility
that an appeal that is jurisdictionally defective because it is premature may
not also be frivolous on the merits."). The Second Circuit has not held that

guage of § 1915(g) distinguish between actions dismissed "on the merits" and actions dismissed pursuant to the PLRA's screening provisions. We decline to read into the statute an additional requirement not enacted by Congress. Therefore, the analysis of whether the dismissals of *Schelage* and *CSP* were "dismissal[s] on the merits" that "prejudice[d] the filing of a paid complaint making the same allegations," *Denton*, 504 U.S. at 34, is irrelevant to the question whether *Schelage* and *CSP* were "dismissed" for purposes of § 1915(g).

Second, the dissent argues that filing an in forma pauperis application is distinguishable from initiating an action and that, as a result, the dismissal of an in forma pauperis application does not dismiss the underlying action. This argument is incompatible with *Vaden*. As the dissent itself acknowledges, dissent at 8698, *Vaden* directs the conclusion that an in forma pauperis action is "brought" for purposes of § 1915(g) when the complaint and in forma pauperis application are submitted to the district court. Once we have determined that the prisoner has "brought" an action (not just submitted an application), the court must dismiss the entire action (not just terminate the application); otherwise, the action "brought" by the prisoner could continue on the court's docket in perpetuity. The dissent cites cases noting a difference between a district court's dismissal of an action and its dismissal of a complaint for purposes of determining whether the district court's order is final and appealable. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135-36 (9th Cir. 1997) (en banc); *Montes v. United* States, 37 F.3d 1347, 1350 (9th Cir. 1994); *Martinez v. Flores*, 299 F.2d 888, 889 (9th Cir. 1962). Even in this context, the distinction between actions and complaints

a suit dismissed without prejudice can never constitute a strike, and the plain language of § 1915(g) does not support such an interpretation. If Congress had intended to limit strikes to dismissals with prejudice, it could have said so. *See United States v. Miller*, 151 F.3d 957, 960 (9th Cir. 1998).

may be irrelevant. *See, e.g.*, *WMX Techs.*, 104 F.3d at 1135 (indicating that dismissal of a complaint may be an appealable final decision if the plaintiff files a written notice of intent not to file an amended complaint). More to the point, any distinction we have made between complaints and actions for purposes of identifying appealable final orders is not relevant to the question whether *Schelage* and *CSP* are strikes.

*Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005) is equally inapposite. In that case, we considered the requirement in 42 U.S.C. § 1997e(a) that a prisoner exhaust all available administrative remedies before bringing an action with respect to prison conditions, and held that where a prisoner's complaint contains both exhausted and unexhausted claims, a district court may dismiss only the unexhausted claims under specified circumstances. *Id.* at 1175-76. Such circumstances are not present here. Indeed, *Lira* acknowledges that where (as here) the district court dismisses an entire action rather than hold onto exhausted claims, such a dismissal may count as a strike. *Id.* at 1170 & n.7.

**[11]** In light of this analysis, we must reject O'Neal's claim that *Schelage* and *CSP* were not "dismissed" within the meaning of 28 U.S.C. § 1915(g). The district court disposed of both in forma pauperis complaints during the screening process mandated by 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), and 42 U.S.C. § 1997e(c). In order to determine that these actions did not qualify for in forma pauperis status, the district court necessarily reviewed the complaints and made an assessment of their merits. The fact that the district court did not use the word "dismiss" in its disposition of these actions does not alter our analysis.

## C

**[12]** We must also reject O'Neal's claim that *Parriott* did not constitute a strike because it had not been dismissed for one of the reasons enumerated in § 1915(g). In *Parriott*, the

district court dismissed O'Neal's complaint both for failure to exhaust and for failure "to state a substantive claim for the alleged deprivation of his medicine." It is clear from the magistrate judge's reasoning (which was adopted by the district court) that he considered O'Neal's failure to state a claim to be a fully sufficient condition for his recommendation for a dismissal with prejudice. Therefore, the dismissal of this action was also a strike.

IV

**[13]** In conclusion, because *Schelage* and *CSP* were both "brought" and "dismissed" for purposes of 28 U.S.C. § 1915(g), we must reject O'Neal's argument that the district court erred in holding that these two actions were strikes. We also reject O'Neal's argument that *Parriott* did not constitute a strike. Accordingly, we affirm the district court's dismissal of O'Neal's claim on the ground that he struck out under § 1915(g).

**AFFIRMED.**

---

THOMAS, Circuit Judge, concurring in part and dissenting in part:

I join the majority's decision that we have jurisdiction to consider O'Neal's appeal even though the district court certified that the appeal was not taken in good faith. Additionally, I join the majority's decision that *O'Neal v. Parriott*, Civ. No. 99-8370 (C.D. Cal.), constituted a "strike" under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), because that case was dismissed for failure to state a claim.

However, I must respectfully dissent from the majority's holding that the denial of an application to proceed *in forma pauperis* constitutes a strike. Thus, I disagree that *O'Neal v.*

*Schelage*, No. 94-4594 (C.D. Cal.) and *O'Neal v. Cal. State Prison*, No. 00-8414 (C.D. Cal.) constituted strikes under 28 U.S.C. § 1915g.

I

As T. S. Eliot instructed:

> So first, your memory I'll jog
> And say: A CAT IS NOT A DOG.[1]

Just as a cat is not a dog, a simple "application" to have filing fees waived does not constitute a formal civil "action" in federal court. Thus, the denial of an application to proceed *in forma pauperis* does not constitute a dismissal of the underlying action. As such, it cannot constitute a strike under the PLRA.

A civil "action" is a well understood term of art under the Federal Rules of Civil Procedure.

> [A]n "action" is the formal and ordinary means by which parties seek legal and/or equitable relief before a court of law through the filing of a formal complaint, triggering the full array of legal, procedural, and evidentiary rules governing the process by which a court adjudicates the merits of a dispute.

*S.E.C. v. McCarthy*, 322 F.3d 650, 657 (9th Cir. 2003).

In contrast, as we noted:

> "Applications," however, are different. An "applica-

---

[1]T. S. Eliot, "The Ad-Dressing of Cats," Old Possum's Book of Practical Cats, 53 (Harcourt Brace Jovanovich 1982) (1939) (emphasis in original); Andrew Lloyd Weber and T. S. Eliot, "The Ad-Dressing of Cats," Cats (1982 Original Broadway Cast), (Decca Broadway 1993).

> tion" is merely a "motion." Black's Law Dictionary 96 (7th ed.1999). A "motion" is defined as, "[a] written or oral application requesting a court to make a specified ruling or order." Id. at 1031. An "application" is not a "lawsuit" or a "formal complaint." It does not necessarily include or trigger "all the formal proceedings in a court of justice" as does the filing of an "action." *See id.* at 28.

*Id.*

Section 1915(g) prohibits prisoners from bringing *in forma pauperis* actions or appeals "if the prisoner has, on 3 or more prior occasions, . . . *brought* an *action* or appeal in a court of the United States that was *dismissed* . . ." 28 U.S.C. § 1915(g) (emphasis added). A "strike," then, requires two steps: (1) an action must be brought and (2) that action must be subsequently dismissed. I agree that our case law establishes that a prisoner brings an action when he files an *in forma pauperis* application and tenders the complaint to the district court. However, I do not agree that the underlying action is dismissed when a district court denies the prisoner leave to proceed *in forma pauperis*.

The Supreme Court has distinguished between a "dismissal" of an application for leave to proceed *in forma pauperis* and a dismissal of the underlying action. In *Denton v. Hernandez,* the Court held that "[b]ecause a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations." 504 U.S. 25, 34 (1992). Section 1915(g) defines a "strike" as an "*action* . . . that was dismissed . . . ." The best interpretation is that this language refers to a "dismissal on the merits."

Such an interpretation is not contrary to the meaning of "brought an action" in Section 1915(g). While the action may

be brought when the complaint is tendered to the court clerk, the action constitutes the underlying claim or claims, not the application to proceed *in forma pauperis*. This section is consistent with Federal Rule of Civil Procedure 3, which provides: "A civil action is commenced by filing a complaint with the court."

Thus, when the court denies the prisoner leave to proceed *in forma pauperis*, all the court has "dismissed" is the *in forma pauperis* application; the court has not dismissed the underlying *action*. Indeed, the court cannot dismiss the underlying action at that point, because as the Supreme Court held in *Denton*, "the dismissal [of an *in forma pauperis* application] does not prejudice the filing of a paid complaint making the same allegations." 504 U.S. at 34. *See also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 787 (7th Cir. 1995) ("all that section 1915(d) authorizes the district court to do if it determines that the suit is frivolous is to deny leave to proceed *in forma pauperis*.").[2] In short, the prisoner has the right to proceed with the action regardless of the court's ruling on his in forma pauperis application. If the prisoner elects to continue the litigation, the question of a dismissal on the pleadings will be evaluated under Rule 12 of the Federal Rules of Civil Procedure.[3]

---

[2]In fact, the district court may not dismiss an action for failure to pay the fees if the prisoner has no funds with which to pay them. *See* 28 U.S.C. § 1915(b)(4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (district court cannot dismiss *in forma pauperis* prisoner's case based on his failure to pay initial fee when his failure to pay is due to lack of funds available to him when payment is ordered).

[3]Even when *in forma pauperis* status is granted, the PLRA requires the complaint to be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984). If the government's theory that action on *in forma pauperis* applications constituted binding actions on the merits is carried to its logical conclusion, then the district court's grant of *in forma paueris* status necessarily would preclude a later dismissal of the case as frivolous or malicious. That result clearly would be contrary to the statute. The PLRA recognizes the distinction between denials and grants of *in forma pauperis* applications and dismissals of the action.

This analysis comports with distinctions our court has drawn between the dismissal of an action and dismissal of a claim. *See, e.g., WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1135-36 (9th Cir. 1997) (en banc) (holding that an order dismissing a complaint with leave to amend is not a final appealable order and distinguishing such an order from an order dismissing the action); *Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994) ("[T]his Court has traditionally drawn a distinction between the dismissal of the complaint and the dismissal of the underlying action."); *Martinez v. Flores*, 299 F.2d 888, 889 (9th Cir. 1962) ("Twice the district court has dismissed the complaint, but never the action. There is a difference.").

We have identified such distinctions specifically in the context of the PLRA:

> As a preliminary matter, we take note of the crucial distinction between dismissing an action and dismissing a complaint. Dismissal of an entire *action* constitutes a final judgment by a district court. In contrast, when a district court dismisses a complaint for failure to state a claim, granting leave to amend the defective complaint is routine.

*Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) (internal citations omitted).

In *Lira* we clarified that this distinction holds in the context of prisoner civil rights litigation under the PLRA. *Id.* at 1169-70. Further, we noted that one of the consequences, under the PLRA, of a court dismissing an entire action, as opposed to merely dismissing a claim, is that dismissal of an action may constitute a "strike" under § 1915(g). *Id.* In other words, dismissal of a claim does not constitute a strike.

The illogic of equating denials of *in forma pauperis* applications with dismissals of civil actions is demonstrated by a

simple hypothetical. Suppose a prisoner is denied leave to file *in forma pauperis* by the district court, but elects to pay the filing fee and proceed. Under the government's thesis (as acknowledged at oral argument), if his complaint is subsequently dismissed, then he will have received two strikes for filing one action. He will have earned his first strike when the court denied his application to proceed *in forma pauperis*, and his second when the court dismissed his complaint. But his opportunities for striking out completely in one action continue. He can seek to proceed *in forma pauperis* on appeal. If his request were denied, he presumably would earn another strike. Given that the defendants often are not even served if the case is dismissed at a screening phase, the pro se prisoner will have unwittingly hit into an unassisted triple play.

Another hypothetical underscores the point. Suppose a prisoner is denied *in forma pauperis* status, elects to pay the fees and proceed, and then successfully obtains a judgment against a defendant. Under the government's theory, he then will have earned a strike even though he was ultimately granted judgment on the merits in his favor.

If Congress had intended denials of *in forma pauperis* applications to constitute strikes, it could have said so specifically. Instead, it chose to use the word "action," which has a clearly understood meaning in the law. As we have noted in other contexts, the words "application" and "action" are not synonymous. *McCarthy*, 322 F.3d at 657.

## II

The PLRA has the laudable goal of screening frivolous prisoner lawsuits early in the litigation and deterring prisoners from filing multiple frivolous actions. The PLRA and the power of courts to enter pre-filing orders against vexatious litigants provide ample means of controlling frivolous and malicious prisoner litigation without distorting our fundamental concept of what constitutes a civil action. A denial of leave

to proceed *in forma pauperis* does not result in the entry of a judgment dismissing the action. It has no effect on whether the prisoner can proceed with the action. It has no *res judicata* effect. Therefore, a denial of leave to proceed in forma pauperis cannot constitute a "strike" under § 1915g.

For these reasons, I must respectfully dissent.