**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD H. BLAISDELL, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CORRECTIONS CORPORATION OF AMERICA; B. GRIEGO, <br><br> Defendants - Appellees. | No. 09-17795 <br><br> D.C. No. 2:08-cv-00582-JAT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted January 27, 2011[**]

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Inmate Richard Blaisdell filed this pro se appeal after a jury rejected his civil rights claim alleging the prison's policy regulating receipt of "gift publications" violated his First Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

## I.

Blaisdell contends the district court erred by dismissing all but one claim in his complaint. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1), requires, however, dismissal of allegations that fail to state a claim upon which relief can be granted. *See, e.g., O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Here, Blaisdell's allegations are conclusory and lack an adequate factual basis to state a claim. Accordingly, the claims were properly dismissed. *See Caviness v. Horizon Comm. Learning Ctr.*, 590 F.3d 806, 812 (9th Cir. 2010) (noting conclusory allegations and unwarranted inferences in a civil rights action are insufficient to avoid dismissal for failure to state a claim).

## II.

Blaisdell argues the district court erred by excluding evidence that the prison twice changed its policy regarding gift publications. We disagree. The prison initially amended its policy and offered to settle. Although Blaisdell refused to settle, he agreed the former policy was no longer relevant. Just prior to trial, the prison again amended its policy and sought settlement. Blaisdell conceded the new policy is constitutional, but again refused to settle. Such settlement offers are not admissible at trial. *See* Fed.R.Evid. 408(a) (limiting the admissibility of compromise negotiations).

III.

Blaisdell challenges the district court's ruling limiting his potential recovery to nominal damages and precluding punitive damages.  That challenge must fail, however, because the jury found against Blaisdell on the issue of liability.  *See Bulgo v. Munoz*, 853 F.2d 710, 716 (9th Cir. 1988) (noting in such circumstances that any error could only be harmless).

IV.

Blaisdell contends the district court wrongly instructed the jury regarding his right to receive gift publications.  Specifically, he submits the court "never instructed as to *Crofton v. Roe*, 170 F.3d 957 (9th Cir. 1999), and *Sorrels v. McKee*, 290 F.3d 965 (9th Cir. 2002)."  In *Crofton*, 170 F.3d at 958, we affirmed a district court's decision barring enforcement of a prison's blanket ban on gift publications.  We did so because there was no showing that the ban was "reasonably related to any valid penological objective."  *Id.* at 959.  In *Sorrels*, 290 F.3d at 971, we simply concluded that, for purposes of qualified immunity, the law regarding the constitutionality of a prison's blanket ban on gift publications was not clearly established prior to *Crofton.*

Here, the district court instructed the jury that "[u]nder the First Amendment, inmates have the right to receive mail and gift publications."  The

court then explained that if Blaisdell proved he was denied this right, the jury should consider whether the prison's policy is reasonably related to legitimate penological or correctional goals. The court explained what factors the jury should consider in making this determination.

These jury instructions do not misstate the law. *Crofton* clearly turned on the lack of evidence regarding that prison's legitimate penological interests in prohibiting gift publications. Here, the jury was provided with evidence of the prison's security and administrative interests and could have reasonably decided the prison's policy was necessary to promote those interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (noting prison may adopt regulations that impinge on an inmate's constitutional rights if they are reasonably related to legitimate penological interests).

V.

Blaisdell contends he is entitled to judgment as a matter of law. We disagree. As noted above, neither *Crofton* nor *Sorrels* held that all prison restrictions on gift publications violate an inmate's First Amendment rights. Rather, such restrictions are subject to review to determine if they are reasonably related to legitimate penological interests. *See Turner*, 482 U.S. at 89.

**AFFIRMED**.