**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OMAR MIRAMONTES LOPEZ,

Plaintiff - Appellant,

v.

MADERA COUNTY DEPARTMENT OF CORRECTIONS,

Defendant - Appellee.

No. 10-56689

D.C. No. 2:10-cv-06399-UA-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted March 8, 2012
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

Plaintiff-Appellant Omar Lopez brought § 1983 claims against five

individual unnamed defendants at the Madera County Department of Corrections

(collectively, "MCDC"), alleging that MCDC violated his Eighth and Fourteenth

Amendment rights by serving him rotten food and by delaying treatment for his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

deteriorating eye condition.  The district court denied Lopez leave to file without prepayment of the full filing fee, on the ground that Lopez's complaint failed to state a claim on which relief could be granted.  We vacate, reverse, and remand.

1.  Although the magistrate's recommendation states that Lopez "requested leave to proceed *in forma pauperis*," the record does not indicate that Lopez ever made such a request.  We therefore vacate the district court's order denying Lopez leave to file the action without prepayment of the full filing fee.

2.  The district court may have intended to dismiss Lopez's complaint, pursuant to mandatory screening under the Prison Litigation Reform Act ("PLRA"), for failure to state a claim.  *See* 28 U.S.C. § 1915A.  So construing the district court's denial of leave to proceed *in forma pauperis*, *see O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008), we conclude that the court erred in dismissing the complaint.

Lopez's complaint, as it now stands, may satisfy the relaxed pleading standards applied to *pro se* plaintiffs.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).  But even if it does not, the district court should have granted Lopez leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

Lopez may well be able to cure the complaint's deficiencies by alleging additional facts. Lopez could, for example, amend his complaint to clarify: (1) which MCDC staff members he informed of his toxoplasmosis diagnosis and need for surgery; and (2) whether any defendants either acquiesced or were directly involved in the alleged provision of rotten food. With such amendments, the complaint would most likely render Lopez's allegations adequate to support his constitutional claims. *See Jett v. Penner*, 439 F.3d 1091, 1094, 1097-98 (9th Cir. 2006) (holding that a prison physician's months-long delay in scheduling a medical consultation ordered by the prisoner's prior physician could constitute deliberate indifference, where the record showed that the delay was harmful); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (holding that the provision of spoiled food violates the Eighth Amendment); *see also Snow v. McDaniel*, --- F.3d ----, No. 10-16951, 2012 WL 1889774, at *8 (9th Cir. May 25, 2012) (holding that a prison warden and associate warden could be held liable for deliberate indifference to a prisoner's medical needs, "[b]ecause they were aware [the prisoner] needed surgery and failed to act to prevent further harm"). We therefore reverse the dismissal of Lopez's complaint.

3. MCDC argues that Lopez's complaint is time-barred. Because the district court did not address MCDC's fact-bound statute of limitations defense, we

decline to reach it here. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 691 (9th Cir. 2005).

4. Lopez concedes that the Central District of California is an improper venue. *See* 28 U.S.C. § 1391(b). On remand, the district court should consider whether to transfer the case pursuant to 28 U.S.C. § 1406(a).

**VACATED, REVERSED, and REMANDED.**

4