NOT FOR PUBLICATION

FILED

MAR 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAKESH DHINGRA,

       Plaintiff-Appellant,

 v.

CHARLES ESPOSITO, "Chuck"; ELIINA
STEPHENSON, AKA Eliina N. Belenkiy,
AKA Eliina Keitelman; FBI DIRECTOR,
Washington, DC; BRIAN STRETCH,
AUSA; JEROME MATTHEWS, FPD; TOM
C. SHARPE; ABDUL RAFIQI, FBI;
FRANZ P. CORRALES, FBI; NANCY L.
MAY, FBI; RAZI SHABAN, FBI; SIMONA
M. ASINOWSKI, FBI,

       Defendants-Appellees.

No.   22-16774

D.C. No. 3:22-cv-02207-CRB

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted March 20, 2024**
San Francisco, California

Before:  FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

---

     *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Rakesh Dhingra appeals the district court's order dismissing his case as frivolous. We have jurisdiction under 28 U.S.C. § 1291 based on the district court's entry of final judgment. We affirm.

1.　In 2002, a jury convicted Rakesh Dhingra of using the internet to solicit sexual activity from a minor, in violation of 18 U.S.C. § 2422(b). We affirmed Dhingra's conviction two years later. *United States v. Dhingra*, 371 F.3d 557, 559 (9th Cir. 2004). Dhingra then launched "repetitive and baseless" efforts to overturn his conviction post-appeal. *See United States v. Dhingra*, 01-cr-40144-SBA, Dkt. No. 193, at 1 (N.D. Cal. Aug. 27, 2021). He has also filed multiple civil actions indirectly challenging his conviction, which the district court has dismissed as "frivolous." *See Dhingra v. United States*, No. C 16-03803 SBA, 2016 WL 5394117, at *2 (N.D. Cal. Sept. 27, 2016), *aff'd*, 2017 WL 6028628, at *1 (9th Cir. May 17, 2017); *Dhingra v. Belenkiy*, No. C 16-06827 SBA, 2017 WL 995366, at *3 (N.D. Cal. Mar. 15, 2017); *Dhingra v. United States*, No. C 16-03803 SBA, 2019 WL 248907, at *2 (N.D. Cal. Jan. 17, 2019).

2.　A "district court must dismiss a [plaintiff's] in forma pauperis case 'at any time' if the court determines that the action is (i) 'frivolous or malicious'; (ii) 'fails to state a claim on which relief may be granted'; or (iii) 'seeks monetary relief against a defendant who is immune from such relief.'" *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(2)(B)); *see also*

2

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is . . . clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). We review the district court's denial of leave to amend for abuse of discretion. *See Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999).

The district court properly dismissed Dhingra's present case as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i). Dhingra again alleges that "the victim of his crime wasn't a minor and was a decoy working with an FBI 'Cyber Squad,'" violating his constitutional rights to due process. Dhingra continues to provide "no evidence to support this fiction." Further, Dhingra presents no newly discovered or previously unavailable evidence that might warrant further review of his previously rejected constitutional claims. *See Dhingra*, 371 F.3d 557; *Dhingra*, 2016 WL 5394117, *aff'd*, 2017 WL 6028628; *Dhingra*, 2019 WL 248907. The district court did not abuse its discretion in dismissing Dhingra's frivolous case without leave to amend.

**AFFIRMED.**